UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 25-CR-60254-DAMIAN

UNITED STATES OF AMERICA

v.

MOISES LIMA JUNIOR,

        Defendant.

_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office")

and Moises Lima Junior (herein referred to as the "defendant") enter into the following

agreement:

1.    *Guilty Plea*: The defendant agrees to plead guilty to all counts in the Indictment.

The Indictment charges the defendant with Count 1: False Claim of Citizenship in Order to Vote,

in violation of 18 U.S.C. § 1015(f); and Count 2: Voting by Alien, in violation of 18 U.S.C. §

611.

2.    *Sentencing Guidelines.* The defendant is aware that the sentence will be imposed by

the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements

(hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the

Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable

guidelines will be determined by the Court relying in part on the results of a pre-sentence

investigation by the Court's probation office, which investigation will commence after the guilty

plea has been entered. The defendant is also aware that, under certain circumstances, the Court

1

may depart from the advisory sentencing guideline range that it has computed and may raise or lower that advisory sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3.      *Information provided to USPO.* This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

4.      *Penalties.* The defendant understands and acknowledges that the following statutory penalties apply to the indictment:

a.      *Imprisonment.* Count one carries a maximum penalty of a term of imprisonment of five (5) years. Count two carries a maximum penalty of a term of imprisonment of one (1) year.

b.      *Supervised Release.* Count one carries a maximum period of three (3) years

2

of supervised release. Count two carries a maximum period of one (1) year of supervised release.

c.      *Fines.* The Court may impose a fine for Count one of up to $250,000 on the Defendant. The Court may impose a fine for Count two of up to $100,000 on the Defendant.

d.      *Special Assessments.* In addition, the Defendant also understands and acknowledges that, pursuant to Title 18, United States Code, Section 3013, a special assessment of $100 will be imposed on the Defendant as to each count of the indictment for a total amount of $200. If the Defendant is indigent, or otherwise financially unable to pay this special assessment amount, the Defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reason for the Defendant's failure to pay.

5.      *Early Acceptance of Responsibility.* This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office, however, will not be required to make this motion or this recommendation, if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct;

3

(2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to, committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

6.      *Sentence will be determined by the Court.* The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in this agreement, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government. The Government and defendant have jointly agreed to recommend 1 year of probation.

7.      *Immigration Consequences.* The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offense to which the defendant is pleading guilty. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect

4

of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant wants to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's automatic removal from the United States.

8.      *Entire Agreement*. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

JASON A. REDING QUIÑONES
UNITED STATES ATTORNEY

Date: 2·12·26          By: _____
                            Christopher Killoran
                            Assistant United States Attorney

Date: 2\12\26          By: _____
                            Adebunmi Lomax
                            Attorney for Defendant

Date: 2\12\26          By: _____
                            Moisés Lima Junior
                            Defendant

5